O’Neall J.
delivered the opinion of the Court.
In this case the due bill is to Ira II. Harden, and the description of it in the declaration, is, that it was to Ii'a Hai’den; and the question is, whether this is such a variance as can be taken advantage of, on a motion for non-suit. In general, if there be a mistake in the name of the parties, it must be taken advantage of by plea in abatement. Such is the case of Morley v. Law, 6 Eng. C. L. R., 9. This too is the rule stated by Chitty in his 1st vol. of Plead., 248. So too, if there be a mistake in *58 the name of the plaintiff, and he declare upon a bill as drawn by him in the name in which he sues, when in truth it was drawn by him in his proper name, it seems that it is enough if it be shewn that the bill was drawn by the plaintiff, and that the defendant knew by whom the action was brought. Boughton v. Frere, 3 Camp. N. P., 29. That case approaches very near to the case before us. Still there is this material distinction, that Aero there is no mistake in the name of the plaintiff, and which might have been pleaded in abatement. The mistake here, is, that the due bill does not correspond with the description in the declaration; and hence, instead of being the subject of plea, is a defect arising out of the proof. If the plaintiff had set out the due bill as made to Ira Harden, and averred that he was the same person as the plaintiff, and had sustained Iris averment by proof, I have no doubt he could have recovered on it. But as it stands, the allegata el prohala do not agree: and the rule, that “a variance as to the name of the parties is in general fatal when it operates as a description of the bill,” (Chit. on Bills, 560,) must have effect. Nor can the money count help the plaintiff. For notwithstanding the Judge below says, in speaking of the clue bill, “it appears to have been in fact made payable to Ira H. Harden,” yet he states to us, that this expression was merely to shew, that notwithstanding the due bill was made to Ira Harden, it was claimed by Ira H. Harden. For in fact there was no proof whatever about the matter. The objection was taken in argument, and was therefore wholly unexpected by the plaintiff, and attempted to be met by proof. To make the money count available, it was necessary to be shewn that the due bill, though payable to Ira Harden, was, in fact, made and deliv ered to Ira H. Harden, and was intended for his use. Under such proof, I have no doubt, the p’aintiff could have recovered on the money count. For then ihe due bill would have been a plain admission of so much money in the hands of the defendant for che use of the plaintiff. But in the absence of such proof the money count is not sustained. Under the circumstances of this case a non-suit will not be ordered; the case will be sent back with leave to both parties to amend their pleading. The motion for a new trial is granted: the plaintiff *59 has leave on or before the 1st of March next, to amend his declaration; and the defendants on or before the same day have leave to plead the Statute of Limitations; the proper rules to plead or reply to be posted by the parties respectively.